# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

GREGORY MAVERICK HILTON, )
)
    Plaintiff, )
)
v. ) Case No. CV413-145
)
Carolyn W. Colvin, )
*Commissioner of the Social Security* )
*Administration*,[1] )
)
    Defendant. )

# ORDER

Proceeding *pro se* and having paid this Court's filing fee, Gregory Maverick Hilton asks this Court to review the Social Security Administration's denial of his social security disability claim. Doc. 1. Hilton, however, has failed to demonstrate that this Court has subject matter jurisdiction over his claim. "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "Moreover, courts . . . have an independent obligation to

---

[1] The Court has amended the caption to show the proper title and name of the party plaintiff seeks to sue. The Clerk is **DIRECTED** to amend the caption accordingly. All subsequent filings shall conform.

determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; Fed. R. Civ. P. 12(h)(3). Because courts have limited jurisdiction, they are presumed to lack subject matter jurisdiction unless the plaintiff shows the contrary. *Kivisto v. Kulmala*, 497 F. App'x 905, 906 (11th Cir. 2012); *Thomas v. Office of Disability Adjudication and Review*, 2012 WL 5987555 at * 1 (S.D. Ga. Nov. 29, 2012).

Congress limited jurisdiction over Social Security's disability benefits decisions:

> Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty* days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing.

42 U.S.C. § 405(g) (emphasis added). For that matter, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). Hence, Hilton may bring an action against the Commissioner

only if he has been a party to a hearing before the Commissioner (or Administrative Law Judge) *and* the Commissioner has made a "final decision" on his claim. *Hicks v. Astrue*, 2013 WL 309860 at * 1 (S.D. Ga. Jan. 25, 2013); *Thomas,* 2012 WL 5987555 at * 1. He must affirmatively show that he has administratively exhausted his claim. *Hicks*, 2013 WL 309860 at * 1.

Hilton has failed to make the required showing. He alleges only that he has been denied benefits and requests judicial review "to ensure that my rights were not improperly denied by the Commissioner of Social Security." But he has not alleged that the Commissioner's decision was final. Nor does he supply factual allegations from which the Court can infer that a § 405(g) final decision has issued. Nor, finally, can the Court determine whether Hilton filed this action within 60 days of the final decision denying him benefits (i.e., he has neither cited to nor supplied a final agency decision).[2]

---

[2] This is a critical pleading component:

> Because the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). *See also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Accordingly, a complaint appealing the

3

The Court will afford Hilton an opportunity to correct these deficiencies by affirmatively demonstrating that he has secured a "final decision" from the Commissioner of Social Security and that he commenced this action within 60 days after mailing the notice of that decision. This showing must be made within 21 days from the date of this Order. Absent such a showing, this case must be dismissed for lack of subject matter jurisdiction.

**SO ORDERED** this 1st day of July, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s). *Cook v. Astrue*, 2012 WL 812380 at *3 (E.D.Cal. March 9, 2012); *Sanchez v. Astrue*, 2011 WL 1549307 at *2–3 (E.D.Cal.2011). The plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome. *Id*; *see also Pierre v. Comm. of Soc. Sec.*, 2012 WL 1066811 at * 3 (S.D. Fla.2012) (requiring a plaintiff to allege facts supporting the conclusion that Commissioner rendered a final decision in the application below).

*Cribbet v. Comm'r of Soc Sec.*, 2012 WL 5308044 at * 2 (E.D. Cal. Oct. 29, 2012).