# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GREGORY MAVERICK HILTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Carolyn W. Colvin, )<br>*Commissioner of the Social Security* )<br>*Administration*, )<br>)<br>Defendant. ) | Case No. CV413-145 |

## **REPORT AND RECOMMENDATION**

Proceeding *pro se*, Gregory Maverick Hilton filed this case seeking judicial review of a Social Security Administration ruling that denied his social security disability claim. Doc. 1; *see also* doc. 11-2 at 13 (ALJ's decision). In a prior order, the Court instructed him to fully brief his claim and thus show why, pursuant to 42 U.S.C. § 405(g), no substantial evidence supports the Commissioner's opinion denying him social security disability benefits. Doc. 13; *see also id.* at 4 ("The argument shall be divided into sections separately treating each issue and must set forth the contentions of plaintiff with respect to the issues presented and

reasons therefor. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases supporting plaintiff's position.").

Hilton's submission simply fails to comply. The core of his *one-page* letter-brief[1]:

> All I can do is ask the court to look at the medical facts in my case (i.e., MRI & EEG) and decide if I am medically fit to resume my 20-year career as the driver of an 18-wheeler. If I can't resume my truck driving career, then I want the court to tell me why I am not entitled to disability benefits or grant them.

Doc. 14 at 1.

Hilton, not the Court, must "show that he became disabled on or before the date his disability insured status expired. The claimant bears the burden of proving that he is disabled." *Adams v. Comm'r of Soc. Sec.*, 2013 WL 5746150 at * 1 (11th Cir. Oct. 24, 2013) (cites omitted); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, the Court cannot "look" at the record for Hilton; *he* must do that. Put another way, Hilton must litigate his own case. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect

---

[1] Parties should submit briefs and motions, not letters. Letters can get lost, while motions and briefs are filed in the record of each case. This creates a public record of a matter presented for the Court's consideration. *See In Re: Unsolicited Letters to Federal Judges*, 126 F. Supp. 2d 1073 (S.D. Ga. 2000).

arguments neither made nor advanced by parties."); *Lemons v. Lewis*, 969 F. Supp. 657, 659 (D. Kan. 1997) (it is not "the court's function to become an advocate for the *pro se* litigant"), *cited in Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb 18, 2009) ("judges must not raise issues and arguments on plaintiffs' behalf").

Based on Hilton's prior filings, *see, e.g.*, doc. 9-1 (failing to show cause why his case should not be dismissed for failure to serve the defendant, who has since answered his complaint anyway, doc. 10), it is apparent that Hilton will invest no serious effort in advancing his case, so a second chance seems futile here. Accordingly, Gregory Maverick Hilton's case should be **DISMISSED WITH PREJUDICE** for disobeying a court order. Fed. R. Civ. P. 41(b); L.R. 41(b); *Gregory v. Colvin*, CV412-197, doc. 22 (S.D. Ga. Oct. 24, 2013) (dismissing social security case on same grounds).[2]

**SO REPORTED AND RECOMMENDED** this 8TH day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Hilton is effectively given one last chance to properly brief his claim in a timely objection to this Report and Recommendation.

3